IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LILLIE M. MIDDLEBROOKS,<br><br>    *Plaintiff,*<br><br>v.<br><br>CITY OF MACON-BIBB COUNTY, GEORGIA, *et al.,*<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00083-TES |

## ORDER TO SHOW CAUSE

On March 2, 2023, Plaintiff Lillie M. Middlebrooks filed a purportedly *pro se* Complaint against Defendants alleging that they transferred her house, land, and property without due process of law. [Doc. 1, p. 2]. Following discovery, Plaintiff moved for summary judgment against each Defendant sued in his or her individual capacity. *See* [Doc. 19]; [Doc. 20]; [Doc. 21]; [Doc. 28].

The Court is concerned because usually, *pro se* filings are handwritten and are not correctly stylized with formatting customarily used by licensed attorneys. Plaintiff Middlebrook's filings, however, are typed and contain proper legal citations, headings, and arguments. *See, e.g.,* [Doc. 1]; [Doc. 19]; [Doc. 20]; [Doc. 21]; [Doc. 28]. Yet, they were purportedly not drafted by a lawyer: The filings were signed by Claimant Middlebrooks, with the signature block stating that she is proceeding *pro se* in this civil

action. [Doc. 1, p. 62]; [Doc. 19-2, p. 14]; [Doc. 20-2, p. 14]; [Doc. 21, p. 20]; [Doc. 28, p. 20]. No attorney has filed a Notice of Appearance on Plaintiff's behalf. From the Court's review of Georgia Bar records, it does not appear that Plaintiff is herself an attorney—at least not in Georgia. Member Records, State Bar of Georgia (2023), htttps://www.gabar.org/membership/membersearch.cfm (last visited Nov. 13, 2023)

Accordingly, the Court **ORDERS** Plaintiff to **RESPOND** and **SHOW CAUSE**, explaining to the Court who drafted Plaintiff's filings or materially assisted her in any way, including proof reading or editing. **Plaintiff must show cause by November 27, 2023**. Failure to respond to this Order may constitute failure to prosecute or failure to comply with a court order and would result in the Court dismissing this action pursuant to Federal Rule of Civil Procedure 41(b).[1]

---

[1] If an attorney is, in fact, assisting Claimant Middlebrooks without filing an appearance in this case, those actions could very well run afoul of the Georgia Rules of Professional Conduct. *See In re Burton*, No. 03-92191-JB, 2006 WL 6591614, at *1 (Bankr. N.D. Ga. Nov. 28, 2006) (discussing Georgia Rules of Professional Conduct 3.3 and 8.4(a)(4), which impose a duty of candor toward the Court and prohibit misrepresentations, respectively); *see also* Ga. R. of Prof'l Conduct 3.3, cmt. 2 ("This rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process.") (emphasis added).

Regardless of the Georgia Rules of Professional Conduct, federal courts across the country have routinely and uniformly condemned "ghost writing" by licensed attorneys on behalf of *pro se* litigants. *See, e.g., Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (holding that ghost writing "constitutes a misrepresentation to this court by litigant and attorney"); *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) ("If a brief is prepared in any substantial part by a member of the bar, it must be signed by him."); *Fitzhugh v. Topetzes*, No. COV/A/1:04CV3258RWS, 2006 WL 2557921, at *1 (N.D. Ga. Sept. 1, 2006); *Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 72 (M.D. Fla. 1996) (concluding that the "practice of filing *pro se* pleadings which are actually prepared by a legal advocate . . . taint[s] the legal process[.]"); *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 868 F. Supp. 1226, 1232 (D. Colo. 1994), *aff'd in part, disapproved in part*, 85 F.3d 489 (10th Cir. 1996) ("Having a litigant appear to be *pro se* when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ingenuous to say the least; it is far below the level of candor which must be met by members of the bar.");

**SO ORDERED**, this 8th day of November, 2023.

          S/ Tilman E. Self, III
          **TILMAN E. SELF, III, JUDGE**
          **UNITED STATES DISTRICT COURT**

---

*Ostevoll v. Ostevoll*, No. C-1-99-961, 2000 WL 1611123, at *9 (S.D. Ohio Aug. 16, 2000) ("Ghostwriting of legal documents by attorneys on behalf of litigants who state that they are proceeding pro se has been held to be inconsistent with the intent of procedural, ethical and substantive rules of the Court.").