# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LILLIE M. MIDDLEBROOKS,**  *Plaintiff*,  v.  **CITY OF MACON-BIBB COUNTY, GEORGIA,** *et al.*,  *Defendants*. | **CIVIL ACTION NO. 5:23-cv-00083-TES** |

### ORDER

On March 2, 2023, Plaintiff Lillie M. Middlebrooks filed a pro se complaint against 10 Defendants alleging that they "transferred" her house, land, and property without due process of law by recording an allegedly statutorily deficient quitclaim deed. [Doc. 1, p. 2]. Following discovery, Plaintiff began filing motions for summary judgment against each Defendant sued in his or her individual capacity. *See* [Doc. 19]; [Doc. 20]; [Doc. 21]; [Doc. 28]; [Doc. 30]; [Doc. 32]; [Doc. 34]. Because Plaintiff's filings used proper legal citations, headings, and arguments, but were purportedly drafted by a pro se plaintiff who does not herself appear to be an attorney, the Court grew concerned that an unknown attorney may be ghost-writing for Plaintiff, in which case that attorney may be violating the Georgia Rules of Professional Conduct. *See* [Doc. 33, p. 2 n. 1]. Alternatively, if someone not licensed to practice law drafted those documents

for her, that person could be guilty of the unauthorized practice of law. O.C.G.A. § 15-19-51 ("It shall be unlawful for any person other than a duly licensed attorney at law . . . [t]o practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body."). To resolve any confusion or misunderstanding, the Court issued a Show Cause Order, asking Plaintiff to explain who—if anyone—drafted her filings for her, with a deadline of November 27, 2023. [Doc. 33].

Within a day of receiving the Court's Show Cause Order, Plaintiff telephoned Chambers, informing the Courtroom Deputy that she would not be responding to the Show Cause Order and accusing the Court of being racist for issuing such an order to a black litigant.[1] Rather than answering the simple question in the Court's Show Cause Order, Plaintiff instead filed a Motion to Disqualify, formally accusing the undersigned of being "racist," "a bigot" and one who subscribes to "Jim Crow's ideology." [Doc. 39, pp. 6–7].[2]

The Court wishes to clarify its reasons for issuing the Show Cause Order. First, the Order resulted from the Court's concern about non-attorneys representing litigants or licensed attorneys ghost-writing pleadings for litigants to sign and present as their

---

[1] Nothing in the pleadings highlights or even suggests that Plaintiff is black, and the Court certainly had no idea of her race before Plaintiff's phone call.

[2] The Court will allow Plaintiff to personally argue her Motion to Disqualify on December 20, 2023, when it has scheduled oral argument for the other pending motions in this case. *See* [Doc. 29].

2

own. *See* [Doc. 33, p. 2 n. 1]. Here, Plaintiff presented a complaint and motions that were structured, stylized, and cited in the fashion of most attorney-drafted complaints—a rarity in the Court's experience with lay litigants. *See, e.g.*, [Doc. 1]; [Doc. 19]. The Court rightfully inquired—as it has done in other cases—as to whether Plaintiff solely drafted her pleadings. *See* [Doc. 33, p. 2 ("The Court is concerned because usually, *pro se* filings are handwritten and are not correctly stylized with formatting customarily used by licensed attorneys. Plaintiff Middlebrook's filings, however, are typed and contain proper legal citations, headings, and arguments.")].

Before issuing the Order, the Court searched for Plaintiff in Georgia Bar Member Records to see if she herself is a Georgia-licensed attorney, but the Court found no such documentation. *See* [Doc. 33, p. 2]; Member Records, State Bar of Georgia (2023), https://www.gabar.org/membership/membersearch.cfm (last visited Nov. 13, 2023). However, the Court also knew that it is a possibility that Plaintiff is an attorney in another state or perhaps attended a year or two of law school—in which case the Show Cause Order provided her an opportunity to respond and explain so. Or, perhaps Plaintiff simply drafted a well-organized complaint on her own. (If the latter is true, then the Court would have gladly complimented her on her effort and natural skill.) Maybe she even used ChatGPT or another artificial intelligence software. All of these explanations are perfectly rational and lawful, and if any happen to be the truth, all Plaintiff needed to do was say so. Instead, however, Plaintiff not only failed to respond

by the Court's deadline, but she also assumed the worst of the Court in her phone call and subsequent Motion to Disqualify. *See* [Doc. 39].

Although the Court warned Plaintiff that failure to respond to the Show Cause Order could lead to the Court's dismissal of her action for failure to prosecute under Federal Rule of Civil Procedure 41(b), the Court exercises its discretion and instead **EXTENDS** her time to respond, giving her another opportunity to clarify for the Court whether an attorney or any other person assisted her in drafting her pleadings or if she used artificial intelligence programs such as ChatGPT for assistance. *See* [Doc. 33, p. 2]. Again, the Court's primary interest lies in determining if others broke the law or if attorneys committed ethical violations, not Plaintiff. Should Plaintiff again refuse to answer, she runs the very real risk that the Court will dismiss her complaint for failing to follow the Court's lawful order.

Although Plaintiff failed to meet the Court's deadline of November 27, 2023, to respond to its Show Cause Order [Doc. 33], the Court now **EXTENDS by 14 days** Plaintiff's time to respond, ordering Plaintiff to **RESPOND** by <u>**December 14, 2023**</u>.

**SO ORDERED**, this 30th day of November, 2023.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
