RECVD 23DEC14AM1054MDGAMAC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# (MACON DIVISION)

| | |
|---|---|
| **LILLIE M. MIDDLEBROOKS, HEIR OF SHIRLEY HILL MIDDLEBROOKS**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF MACON-BIBB COUNTY, GEORGIA, et al.,**<br><br>Defendants. | Civil Action No. 5:23-cv-00083-TES |

## PLAINTIFF'S MOTION TO DISQUALIFY JUDGE TILMAN E. SELF UNDER 28 U.S.C. § 144 AS THE PRESIDING JUDGE FROM CASE No. 5:23-cv-00083 DUE TO JUDGE TILMAN E. SELF'S UNWARRANTED CRIMINAL INVESTIGATION INSTIGATED AGAINST PLAINTIFF

### I. INTRODUCTION

Pursuant to 28 U.S.C. § 144 Plaintiff Lillie M. Middlebrooks appearing *pro se* hereby moves for disqualification of Judge Tilman E. Self, and demands for the district court to immediately and promptly remove Judge Tilman E. Self from Plaintiff's case filed against the City of Macon-Bibb County, Georgia, et al. Furthermore, Plaintiff hereby demands that Judge Tilman E. Self to not proceed any further on Plaintiff's case filed in this court. Hence, Plaintiff requests for Judge

Tilman E. Self to promptly forward Plaintiff's motion over to different judge for adjudication under 28 U.S.C. § 144.

## II. FACTUAL BACKGROUND

On November 8, 2023, Judge Tilman E. Self issued a show of cause order virtually accusing a Black pro litigant named Lillie M. Middlebrooks of not composing the Black pro pleadings, that the Black pro se litigant has filed in this court for adjudication. **[Doc. 33]** Specifically, Judge Tilman E. Self virtually accused the Black pro se litigant of indulging in ghost writing, because according to Judge Tilman E. Self pro se litigants' pleadings are "handwritten and are not correctly stylized with formatting customarily used by licensed attorneys." **[Doc. 33]** Thus, in the Jim Crow's show cause order, Judge Tilman E. Self stated Judge Tilman E. Self would be dismissing Plaintiff's case if Plaintiff did not explain to the district court of who helped the Black pro se litigant draft and edit the Black pro se pleadings filed in this court for adjudication. **[Doc. 33]**

Thereinafter, Plaintiff moved to disqualify Judge Tillman E. Self under 28 U.S.C. § 455(a) because Judge Tilman E. Self's sua sponte show of cause order constitute pervasive prejudice toward Plaintiff and shows that Judge Tilman E. Self has committed anti-hate crimes based on white supremacism against a Black pro se litigant named Lillie M. Middlebrooks. **[Doc. 33]** After filing the motion to disqualify Judge Tillman E. Self under 28 U.S.C. § 455(a), Judge Tilman E. Self

then issued a Klu Klux Klan's show of cause order virtually accusing Plaintiff of indulging in criminal activity and subjecting Plaintiff to a criminal investigation by a sitting Article III Judge in the United States District for the Middle District of Georgia. **[Doc. 40]** Thus, Plaintiff hereby demands that Judge Tilman E. Self be immediately removed from Plaintiff's case, because Judge Tilman E. Self show of cause orders amounts to Ku Klux Klan practices. **[Doc. 40]** Judge Tilman E. Self's racist stipulation to the Black pro Plaintiff that the Black pro se Plaintiff will not be able to adjudicate the Black pro se Plaintiff's pleadings filed in this court until the Black pro se Plaintiff tells Judge Tilman E. Self who helped the Black pro se Plaintiff compose the Black pro se Plaintiff's pleadings constitutes Ku Klux Klan practices and constitutes Jim Crow practices in an Article III Federal Court located in the United States of America.

### III. LEGAL STANDARD

Section 144 of 28 U.S.C. states in pertinent part: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge. Parrish v. Board of Comm'rs of

the Alabama State Bar, 524 F.2d 98 (5th Cir. 1975).[1] "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged." Davis v. Bd. of Sch. Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975) (citations omitted). If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits. United States v. Azhocar, 581 F.2d 735, 738-(9th Cir. 1978)

To be legally sufficient, the affidavit must (1) be filed by a party to the proceeding, and (2) state such facts and reasons sufficient to convince a reasonable person that a bias or prejudice exists. See Parrish v. Board of Comm'rs, 524 F.2d 98 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S. Ct. 1685, 48 L.Ed.2d 188 (1976). Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975). cert, denied, 425 U.S. 944,

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

96 S. Ct. 1685, 48 L.Ed.2d 188 (1976).[2] A judge should be disqualified only if a reasonable person, apprised of all the facts and circumstances, would question the judge's impartiality. Hunt v. Am Bank and Trust Co. of Baton Rouge, 783 F.2d 1011, 1015 (11th Cir. 1986). A district court's ruling with respect to a Section 144 affidavit is appealable under 28 U.S.C. § 1292(b). Davis v. Bd. of Sch. Comm'rs of Mobile Cnty., 517 F.2d 1044, 1047 (5th Cir. 1975).

## LEGAL ARGUMENT

**A.  The District Court is mandated to disqualify Judge Tilman E. Self under 28 U.S.C. § 144 because Judge Tilman E. Self show of cause orders directed toward Plaintiff constitutes pervasive bias and prejudice toward Plaintiff.**

As shown by the case record, Judge Tilman E. Self issued two Jim Crow's show a cause orders specifically targeted to Plaintiff, demanding a Black pro se Plaintiff to explain to the court of who assisted Plaintiff with drafting the Black pro se Plaintiff's pleadings filed in this court of adjudication. **[Doc. 33], [Doc. 40]** Under no circumstances did Judge Tilman E. Self possess any probable cause or any legal merit when Judge Tilman E. Self issued the Jim Crow and KKK's show cause orders to the Black pro se litigant named Lillie M. Middlebrooks. **[Doc. 33], [Doc.**

---

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

**40]**  More importantly, Judge Tilman E. Self lacks complete legal authority to set a Jim Crow and KKK's stipulation against a Black pro se litigant before the district court adjudicates the Black pro se litigant's court pleadings filed in this court for adjudication. **Doc. 33]**, **[Doc. 40]**

After Plaintiff succinctly informed Judge Tilman E. Self that his pervasive racist behavior warranted immediate removal of Judge Tilman E. Self under 28 U.S.C. § 455(a), Judge Tilman E. Self immediately shifted into KKK's mode mentality and issued a KKK's show of cause order to the Black pro se litigant. In the second KKK's show of cause order, Judge Tilman E. Self accused Plaintiff of indulging in criminal and illegal activity of ghost writing. **[Doc. 33]**, **[Doc. 40]** Likewise, Judge Tilman E. Self accused Plaintiff of being an accomplice to the crime of unauthorized practice of law in the State of Georgia. **[Doc. 33]**, **[Doc. 40]** Specifically, in the KKK's show of cause order, Judge Tilman E. Self stated, "Because Plaintiff's filings used proper legal citations, headings, and arguments, but were purportedly drafted by a pro se plaintiff who does not herself appear to be an attorney, the Court grew concerned that an unknown attorney may be ghost-writing for Plaintiff, in which case the attorney may be violating the Georgia Rules of Professional Conduct. See[Doc. 33, p.2 n.1]. **[Doc. 33]**, **[Doc. 40]**  Alternatively, if someone not licensed to practice law draft those documents for her, that person could be guilty of the unauthorized practice of law. O.C.G.A. 15-19-51."

Accordingly, the most recent KKK's show cause order, substantiates that Judge Tilman E. Self, a sitting Article III Judge, has wrongfully initiated a criminal investigation into the Black pro se litigant pleadings filed in this court for adjudication. **[Doc. 40]** Equally discerning, Judge Tilman E. Self has mandated Plaintiff to answer criminal activity questions surrounding Plaintiff's pro se pleading filed in this court for adjudication. As shown, in the KKK's show of cause order, Judge Tilman E. Self stated, "the Court exercises its discretion and instead **EXTENDS** her time to respond, giving her another opportunity to clarify for the Court whether an attorney or any other person assisted her in drafting her pleadings or if she used artificial intelligence programs such as ChatGPT for assistance. **[Doc. 40]**

Since, Plaintiff has unlawfully been subjected to a criminal investigation by a sitting Article III Judge, the district court is mandated to immediately remove Judge Tilman E. Self from Plaintiff's case filed in this court. **[Doc. 33]**, **[Doc. 40]** As shown, the evidence succinctly illustrates that Judge Tilman E. Self has implemented Jim Crow's judicial practices, KKK's methodology, white supremacy policies to intimidate a Black pro se litigant named Lillie M. Middlebrooks from adjudicating her Federal Civil Rights lawsuit filed in this Article III Federal Court located in the United States of America.

## **CONCLUSION**

Thus, Plaintiff has attached Plaintiff's Affidavit accompanied by a certificate of counsel of record stating that it is made in good faith" and contain the assertion that Plaintiff believes the facts alleged to be accurate and correct. 28 U.S.C. § 144. As demonstrated by Plaintiff's Affidavit, the district court is mandated by 28 U.S.C. § 144 to immediately remove Judge Tilman E. Self as the presiding judge of Civil Action No. 5:23-cv-00083 Judge Tilman E. Self has implemented Jim Crow's judicial practices, KKK's methodology, white supremacy policies to intimidate a Black pro se litigant named Lillie M. Middlebrooks from adjudicating her Federal Civil Rights lawsuit filed in this Article III Federal Court located in the United States of America by instigating an unwarranted criminal investigation instigated against a Black pro se litigant named Lillie M. Middlebrooks.

Date: December 13, 2023

Lillie M. Middlebrooks, *pro se*
P.O. Box 1152
Rome, Georgia 30162

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be mailed no later than December 16, 2023 to the following listed below by U.S. Mail postage to the following:

H. PARK BURFORD
James Bates Brannan Groover, LLP
231 Riverside Drive
MACON, GA 31201

*Lillie M. Middlebrooks*
Lillie M. Middlebrooks, *pro se*